{¶ 24} I agree that the duration of the parties' marriage is irrelevant to either the existence or amount of a child support obligation the domestic relations court is required by R.C. 3105.21(A) to order when it grants a decree of divorce. I also agree that, per R.C.3119.04(B), the Defendant's current annual income of $3.5 million makes it appropriate to require him to pay an amount of child support in excess of the $15,218 annual maximum for one child which R.C. 3119.021 otherwise prescribes. However, I believe the court abused its discretion when it structured its child support order so as to deny the child's residential parent control of most of the child support ordered and, instead, ordered the portion withheld paid into a trust account for the child's future benefit.
 {¶ 25} The court imposed an annual support obligation on Defendant of $173,747. Of that amount, thirty per cent, $52,124, is payable to Plaintiff as the child's residential parent. The court ordered the remaining seventy per cent, $121,623, paid into a trust account. The trust account is to be administered by Plaintiff and Defendant, jointly, and the principal and proceeds are to be used "for the needs of the child in the future." (Magistrate's Decision, p. 4.) Any proceeds remaining when the child reaches age eighteen or is emancipated are to "be turned over to the child for her use." Id.
 {¶ 26} The magistrate's purpose in ordering this division was to preserve a share of Defendant's income for the child's benefit, in view of the fact that the Defendant's "present earning ability has a very limited life." Id. In rejecting the Defendant's objection on this point, the court agreed, stating: "It is in the best interest of the child to fund her future with her father's current high earnings." (Decision and Order, p. 2).
 {¶ 27} It surely is in the child's best interest to preserve a share of Defendant's current high income for the child's future benefit. However, the "care and maintenance" of the child of divorced parents for which R.C. 3105.21(A) authorizes the court to order child support contemplates meeting the current, actual needs of the child, not a creation of future benefits. If the child has any future needs, the court failed to make the findings concerning them that R.C. 3119.04(B) requires. The only findings the court made concerning the child's needs were in its magistrate's decision, which suggests that current expenses such as "education, medical, or other expenses" are to be paid out of the thirty per cent share which Plaintiff receives (Decision, p. 4).
 {¶ 28} Faced with a very similar situation, the Third District Court of Appeals in Barlow v. Ray (May 2, 1997), Marion App. No. 9-96-68, held that an order of this kind is an abuse of discretion. The court pointed out that the purpose of court-ordered child support is to fulfill the current needs of a minor child, not to create a future benefit realized by the child after she reaches her majority. The court also found that paying the proceeds into a fund which the residential parent does not control "interferes with the residential parent's discretion to provide for the best interests of the child." Id., at p. 3.
 {¶ 29} The same considerations apply here, in my view. Laudable as the idea may be, no authority is conferred on the domestic relations court by R.C. Chp. 3119 or related sections of the domestic relations code to make an order of this kind. It creates, in effect, a third category of property for division by the court, "child property," so to speak. The jurisdiction conferred by statute on the court doesn't authorize the court to do that.
 {¶ 30} The equitable powers conferred on the court by R.C. 3105.011
are broad, but they are not plenary. The court may not employ a "best interest" finding to do things it is not authorized by law to do. Arrangements of this kind are for the parents to make, not for the court to order. None of this future benefit is unavailable to the child on account of her parents' divorce. Indeed, the record doesn't demonstrate a dissipation of assets by either parent that might raise such a concern, whether they are married or divorced.
 {¶ 31} I would sustain the second assignment of error, in part, and would reverse and remand for a recalculation of child support without a trust account provision. Otherwise, I agree with the majority's decision.